FEODORE MIERSON *against* THE MAYOR, &C., OF THE CITY OF NEW YORK.

Plaintiff being the publisher of a weekly newspaper called The Weekly New Yorker Journal, and also of a daily newspaper called The New Yorker Journal, his weekly newspaper was designated under L. 1871, c. 574, § 1, as one of nine weekly papers in which city advertisements should be published. Plaintiff published the advertisements in his daily newspaper: *Held*, that such publication was unauthorized, and, that plaintiff could not recover therefor.

APPEAL by plaintiff from a judgment of this court entered on the report of a referee to hear and determine.

The action was brought to recover payment for publishing city advertisements in The New Yorker Journal.

The defense was that the publication was unauthorized.

The facts on which the authority to publish was claimed are stated in the opinion.

*Benjamin F. Russell*, for appellant.

*James W. Husted*, for respondent.

DALY, Chief Justice.—The act of 1871 (L. 1871, c. 574, § 1), authorizes the mayor and comptroller to designate nine *daily* and nine *weekly* newspapers in the city of New York, in which the advertisements required by law shall be published, and declares that no publication of advertisments shall be legal except in the papers so designated, and that no money thereafter shall be paid from the city treasury for advertising, except to the newspapers so selected.

The mayor and comptroller designated as one of these papers, the *Wochenblatt des New Yorker Journal* (the Weekly New Yorker Journal), which is the name of a weekly German newspaper published by the plaintiff. The plaintiff also publishes a daily newspaper called The New Yorker Journal, and the advertisements for the publication of which this action is brought, were published by the plaintiff in this daily newspaper.

There was no authority for the publication of the advertisements in this daily journal, and no recovery can be had for doing so. The journal "selected" or "designated" by the mayor and comptroller, was the *Weekly* New Yorker Journal. It was one of the nine weekly journals, which they were empowered to, and did designate. The plaintiff urges that these advertisements were notices of assessments which had to be inserted for ten successive times before a certain date, which could not be done in the weekly, and that therefore they had to be published in the daily, to meet the requirements of the statute ; but that would not authorize their publication in a newspaper that had never been designated at all. It is also claimed, that they are one and the same ; that the one is merely a weekly edition of the daily, and what was published in the daily went into the weekly, to a great extent, and that they are printed from the same type. But that they are distinct papers, and that one, the weekly, is not an edition of the other, appears in the facts sworn to, that most of the advertisements go into the daily, and *some* into the weekly ; that a good many take the daily, that do not subscribe to the weekly ; that a subscription to the one does not entitle the subscriber to the other, that advertisements in each have to be separately paid for, etc. All this shows that they are two distinct journals. A publication therefore ten times in the New Yorker Journal a daily paper, was not a publication in the Weekly New Yorker Journal. The statute of 1871 has provided for publication in nine weekly journals, and this Weekly New Yorker Journal was one of them. The plaintiff testified that that was the only designation he had under the law of 1871, and the advertisements therefore should have been published in that, and not in the daily Journal, which had not been designated at all. The judgment entered on the report of the referee should be affirmed.

Loew and J. F. Daly, JJ., concurred.

Judgment affirmed.